[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 03, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12839
Non-Argument Calendar

_____

D. C. Docket No. 08-00099-CV-FTM-34-SPC

REINALDO LOPERENA,

Plaintiff-Appellant,

versus

MIKE SCOTT,
in his official capacity as Lee
County Sheriff, a political
subdivision or County Office,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 3, 2009)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Reinaldo Loperena appeals the district court's order granting summary judgment in his employment discrimination action. After a thorough review of the record, we affirm.

Loperena served with the New York Police Department for about twenty years before retiring in 2000. He then served with the National Guard Reserves in New York following the September 11 attacks, and in 2004, he was activated from the reserves and deployed to Iraq, where he served until 2005. When he returned from active duty, Loperena was treated for post-traumatic stress disorder ("PTSD"). During this time, he began working as a security officer with the Administrative Office of the Courts in Lee County, Florida. The PTSD did not impact his employment. He remained in this position for about six months, until he applied for a position with the Lee County Sheriff's Office ("LCSO") to serve as a bailiff in the state courts.

As part of the hiring process, Loperena completed a "prescreen questionnaire," in which he disclosed his military experience and his PTSD diagnosis. After the LCSO made its initial determination that Loperena was qualified for the bailiff position, Loperena completed the formal application. The application including the following questions: "Have you claimed and been employed using veterans' preference since October 1, 1987?" and, "Are you

designated as disabled because of any military service?" Loperena responded yes to both questions.

Loperena then interviewed with Major Dale Homan and two captains with the LCSO. Homan began the interview by asking about Loperena's PTSD. Loperena answered truthfully that his PTSD was under control. Loperena passed the interview, and Homan told him he was hired. The human resources department notified Loperena by letter of his conditional employment, subject to a physical and psychological examination. After the examinations, conducted by Barbara Palomino de Velasco, Loperena was deemed fit for employment. Palomino was aware of Loperena's mental health treatment and determined that it did not preclude him from employment.

On May 2, 2007, Loperena arrived at the human resources department to complete his paperwork and pick up an ID card. While in the office, he spoke with Dian Bowman. Following this conversation, Bowman spoke with Palomino, who became concerned about Loperena's mental status. The LCSO then notified Loperena that he was required to attend a second psychological evaluation with Palomino. During this second evaluation, Loperena reported that he was receiving mental health treatment on a weekly basis, which was more frequent than

Palomino noted in her previous evaluation.[1]  Based solely on this exchange, Palomino changed her evaluation and rated Loperena "unacceptable."  The LCSO then informed Loperena that he would not be hired.

Loperena filed an amended complaint against Lee County Sheriff Michael Scott, alleging unlawful employment actions under the Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01.  Count 1 of the amended complaint alleged that he was denied employment based on his military status, in violation of USERRA.  Count 2 alleged that Loperena was an otherwise qualified person with a disability, or was perceived as having a disability, and that he faced discrimination on that basis.  Count 3 alleged that he was subjected to unlawful employment practices under the FCRA.[2]

The district court granted summary judgment on all claims.  First, the court

_____

[1]  Loperena disputes that he failed to divulge this information during the earlier interviews.  Annmarie Reno, the human resources manager, stated that Palomino informed her the Loperena was rated "unacceptable" due to concerns that he might hurt himself.  We conclude this discrepancy does not preclude summary judgment.  Even if we assume Loperena's version is correct, it does not show that Loperena was substantially limited in a major life activity or that he was perceived as such.

[2]  Disability discrimination claims under the FCRA are analyzed under the same framework as the ADA.  *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263-64 (11th Cir. 2007).

rejected Loperena's claim that the questionnaire was direct evidence of discrimination. Because Loperena continued the application process after answering these questions and admitting his PTSD, the court found that, at most, the question gave rise to an inference of discrimination. The court also rejected Loperena's claim that the psychological examinations constituted direct evidence.

Considering whether there was circumstantial evidence of discrimination, the court found that Loperena had failed to show that he was disabled under the ADA.[3] Specifically, the court found that, although Loperena suffered a mental impairment, he had not shown that this impairment substantially limited any major life activity.[4] The court next found that there was no evidence the LCSO regarded Loperena as disabled, as it continued the application process with the knowledge

---

[3] The ADA and its accompanying regulations define "disability" as, *inter alia*, (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual, or (2) being regarded as having an impairment. 42 U.S.C. § 12102(1) and (2); 34 C.F.R. § 104.3(j)(1); *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1264 (11th Cir. 2007).

[4] A mental impairment is defined as "[a]ny mental or psychological disorder, such as . . . emotional or mental illness . . . ." 29 C.F.R. § 1630.2(h)(2). To be substantially limited, the employee must be "(i) Unable to perform a major life activity that the average person in the general population can perform; or (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to . . . the average person . . . ." 29 C.F.R. § 1630.2(j)(1). "Major life activities are "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i).

5

that Loperena suffered from PTSD.[5] Finally, the court rejected Loperena's

USERRA claim because Loperena could not show that "but for" his military

service, he would have been hired, as the evidence showed that the LCSO routinely

hired members of the military.[6] This appeal followed.

We review a district court order granting summary judgment *de novo*,

viewing all of the facts in the record in the light most favorable to the non-moving

party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160,

1161-62 (11th Cir. 2006). Summary judgment is appropriate where the moving

party demonstrates, through "pleadings, interrogatories, and admissions on file,

together with the affidavits, if any," that no genuine issue of material fact exists,

and it is "entitled to judgment as a matter of law." Fed. R. Civ. P 56(c).

Loperena asserts that the district court erred by finding that (1) the

questionnaire was not direct evidence of discrimination and was irrelevant; (2) he

was not disabled or regarded as disabled; and (3) he failed to establish a prima

---

[5] To be "regarded as having such an impairment" means that an individual, *inter alia*, "[h]as a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation." *D'Angelo v. Conagra Foods*, 422 F.3d 1220, 1228 (11th Cir. 2005) (quoting 29 C.F.R. § 1630.2(l)).

[6] To state a claim under USERRA, the plaintiff must show proof of a discriminatory motive, otherwise known as the "but for" test. 38 U.S.C. § 4311; *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005). Under this test, Loperena must show by a preponderance of the evidence that his protected status was a motivating factor in the decision not to hire him. *Coffman*, 411 F.3d at 1238.

facie case under USERRA.

After review of the record and the parties' briefs, we affirm for the reasons given in the district court's thorough order granting summary judgment.

**AFFIRMED.**